## McDONALD *v.* CONVIS.

(*Supreme Court, General Term, First Department.* January 16, 1891.)

ARREST IN CIVIL CASES—AFFIDAVIT.

The affidavit on which an order of arrest was granted alleged fraudulent representations by defendant that an association had been duly incorporated, whereby plaintiff was induced to expend money, time, and labor in aid of its organization, and in the conduct of its business, when, in fact, the secretary of state had refused to file the certificate of incorporation; but it appeared that the action was brought to recover for moneys expended before, as well as after, the time of the alleged incorporation. *Held* that, as defendant was not liable to arrest in respect of money expended before any fraudulent representation by him was alleged, the order of arrest must be vacated.

Appeal from special term, New York county.

Action by Joseph H. McDonald against Charles E. Convis. Defendant appeals from an order denying a motion to vacate an order of arrest.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wolff & Hodge*, (*Robert Sewell*, of counsel,) for appellant. *James C. Foley*, for respondent.

BRADY, J. The ground upon which the defendant claims that this order of arrest should be vacated is that a cause of action is contained in the complaint not subjecting the defendant to arrest. The affidavit which is supposed to contain the evidence upon which the plaintiff claims the right to arrest contains allegations in respect to representations made by the defendant relating to the proposed organization of the company, and the advance of money to aid in that organization. It also contains allegations that Convis procured the certificate of association to be executed, which he undertook to have filed, and to have said association duly incorporated according to law; that Convis reported to the plaintiff that the association had been incorporated, and that thereupon a meeting of the directors was held, and that plaintiff permitted himself to be elected president and treasurer of the association; that business was begun and for nearly a year was conducted by the association as though it was incorporated, the plaintiff in the mean time having advanced, paid, and laid out sundry sums of money in the conduct of the business. The plaintiff then deposed that the alleged corporation had never been incorporated, because the secretary of state refused to file the certificate, and that the plaintiff was compelled immediately to stop all business, and close up the said association, whereby the plaintiff suffered pecuniary loss to a large amount, besides loss of time, labor, and good name and credit as a man of business. The affidavit further states that the defendant falsely and fraudulently, and with intent to deceive and defraud, stated that said corporation was incorporated, when in truth and in fact it was not, and he knew that it was not, and that by reason of his false statements the plaintiff was led and induced to spend the money aforesaid, to give his time and labor, and, worse than all this, to lend his name for so long a time to an illegal enterprise. It is clear that, as to the moneys expended prior to the time of the alleged organization, the plaintiff has no cause of action against Convis for fraud and deceit, as there is nothing contained in the affidavit tending to show that at that time the defendant had been guilty of any fraudulent rep-

resentations. It therefore appears that this action is brought to recover moneys for which the defendant could not be arrested, even if he might be arrested for the fraudulent representations in respect to the alleged incorporation of the association above mentioned. Such being the case, the order of arrest must fall, because the complaint contains claims as to which the defendant cannot be arrested. The order should be reversed, with $10 costs and disbursements, and the order of arrest vacated. All concur.